# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Beechcraft Defense Company | )     ASBCA No. 59173 |
| | ) |
| Under Contract No. FA8617-07-D-6151 | ) |

APPEARANCES FOR THE APPELLANT:       Jerald S. Howe, Jr., Esq.
                                           James J. McCullough, Esq.
                                           Samuel W. Jack, Esq.
                                            Fried, Frank, Harris, Shriver &
                                              Jacobson LLP
                                           Washington, DC

APPEARANCES FOR THE GOVERNMENT:       E. Michael Chiaparas, Esq.
                                            DCMA Chief Trial Attorney
                                            Robert L. Duecaster, Esq.
                                            Trial Attorney
                                            Defense Contract Management Agency
                                            Manassas, VA

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER ON APPELLANT'S MOTION TO DIRECT THE GOVERNMENT TO FILE THE COMPLAINT

     This matter comes before the Board on appellant's motion for an Order requiring the government to file the complaint in this appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

     1. On 12 December 2013 a Defense Contract Management Agency (DCMA) contracting officer (CO) issued a final decision[1] to Beechcraft Defense Company (BDC or appellant) alleging that BDC was noncompliant with CAS 402 from 2006 until present. The final decision asserted a government claim for $5,861,755.00 inclusive of interest to the date of the decision. The decision referenced five documents: (1) a Defense Contract Audit Agency (DCAA) audit report dated 1 April 2009; (2) an Administrative Contracting Officer's (ACO) Determination of Noncompliance letter dated 3 April 2009; (3) appellant's General Dollar Magnitude Proposal dated 4 June 2009; (4) a DCAA audit report dated 15 August 2011; and (5) appellant's letter dated 31 October 2011 in rebuttal to the 15 August 2011 audit report. The decision chose Contract No. FA8617-07-D-6151 as a representative contract.

---

[1] All references are to documents in the Board's correspondence file.

2. By letter dated 21 February 2014, BDC filed a Notice of Appeal from the CO's 12 December 2013 final decision and the Board docketed the appeal on 24 February 2014.

3. Relying on *LGT Corporation*, ASBCA No. 44066, 93-3 BCA ¶ 26,184, on 6 March 2014 appellant filed the instant motion arguing that since the appeal involved a government claim, the government was in a better position to file the complaint and that the proceeding would be facilitated by the government's filing of the initial pleading setting forth the full rationale for the assertion of its claim.

4. By Order dated 11 March 2014, the Board ordered the government to respond to the motion, and stayed the proceeding pending resolution of the motion.

5. On 25 March 2014, the government responded to the motion recognizing that the appeal involved a government claim, but objecting to filing the initial pleading and asserting that "[a]ppellant is in the best position to assert the facts that would establish a compliant [with CAS 402] accounting practice." The government alleged that there had been no showing that the proceeding would be facilitated by its filing the initial pleading. The government also disagreed that *LGT* was controlling and instead referred the Board to *General Dynamics Corporation*, ASBCA No. 49339, 96-1 BCA ¶ 28,244.

6. On 14 April 2014 appellant replied to the government's opposition to the motion, arguing that the relevant information concerning why the government alleges appellant had violated CAS 402 resides with the government and:

> [D]irecting the Government to file the complaint would facilitate these proceedings because it would establish the factual and legal allegations underlying the Government's position from the outset, rather than having Beechcraft draft a complaint that speculates about the grounds for the Government's claim, and which may include information that is not relevant to the dispute.

## DECISION

The circumstances of this motion present themselves because of the requirement of the Contract Disputes Act (CDA) that all claims (whether by the contractor or the government) be the subject of a CO's final decision (or deemed decision) (41 U.S.C. § 7103) and the CDA's requirement that proceedings before this Board always commence with an appeal from a CO's decision by the contractor, regardless of whether the decision concerns a contractor or government claim. 41 U.S.C. § 7104. In accordance with this procedural posture, Board Rule 6 requires appellants to file

2

complaints. 48 C.F.R. Chap. 2, Appx. A, Pt. 2, Rule 6. Nonetheless, we have recognized that there exist situations when the proceedings would be facilitated by the government filing the complaint or initial pleading. *See, e.g., RO.VI.B. Srl*, ASBCA No. 56198, 09-1 BCA ¶ 34,068 (termination for default claim by government); *Hughes Aircraft Company*, ASBCA No. 46321, 94-2 BCA ¶ 26,801 (defective pricing claim by government); *LGT Corporation*, 93-3 BCA ¶ 26,184 (Board orders government to file complaint *sua sponte*). If we determine that the proceeding would not be facilitated, we do not order the government to file the initial pleading. *See, e.g., General Dynamics Corp.*, 96-1 BCA ¶ 28,244 (contractor in possession of information upon which government claim is based).

The government's 25 March 2014 response to the motion evidences a basic misunderstanding concerning the alleged CAS violations. It appears the government believes that it is appellant's burden to establish that its accounting system is CAS compliant. The law is otherwise. The burden of proving noncompliance is upon the government. *Raytheon Company v. United States*, No. 2013-5004, -5006, slip. op. at 18 (Fed. Cir. April 4, 2014); *General Dynamics Corporation*, ASBCA No. 56744, 11-2 BCA ¶ 34,787; *Unisys Corporation*, ASBCA No. 41135, 94-2 BCA ¶ 26,894; *NI Industries, Inc.*, ASBCA No. 34943, 92-1 BCA ¶ 24,631.

In the circumstances of this appeal, we conclude that the proceedings would be facilitated by the government setting forth in an initial pleading, the facts and rationale for its CO's decision finding that Beechcraft was noncompliant with CAS 402 and the position the government is taking before this Board. We do not deem this requirement to be onerous.[2] The government should be fully conversant with its own claim. The government's pleading is due within 30 days from the date the government receives this decision.

---

[2] This is comparable with CDA practice at the Court of Federal Claims where the government routinely files a counterclaim in response to the contractor's initiation of the litigation (by the filing of a complaint rather than a Notice of Appeal as is the case in Board practice) in cases involving a government claim.

## CONCLUSION

Appellant's motion is granted.

Dated:  24 April 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59173, Appeal of Beechcraft Defense Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4